# GOLDENBERG, MACKLER, SAYEGH, MINTZ, PFEFFER, BONCHI & GILL

HARRY A. GOLDENBERG (1938-2003)
KENNETH D. MACKLER***
JOSEPH ERAN SAYEGH**
LAWRENCE A. MINTZ***
MARK PFEFFER**
KEITH A. BONCHI
MICHAEL A. GILL****
MICHAEL J. MACKLER**
HOWARD J. HEALD
ALLISON E. WEINER
DAWN VAN KEUREN
FRANCIS J. BALLAK
LAUREN E. TYLER
NANCY MARTELLIO
DANIEL G. TRACY
JOEL M. CHIPKIN**
ROSANN ALLEN

JEFFREY D. LIGHT, OF COUNSEL,APM*
HOWARD E. FREED, OF COUNSEL
MARK B. VASSER, OF COUNSEL
VICTOR M. SAUL, OF COUNSEL

*ACCREDITED PROFESSIONAL MEDIATOR
IN COMMERCIAL AND DIVORCE MEDIATION
**CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY IN THE FOLLOWING AREAS
**    CIVIL TRIAL LAW
***  WORKERS' COMPENSATION LAW
**** MATRIMONIAL LAW

A PROFESSIONAL CORPORATION
## ATTORNEYS AT LAW
660 NEW ROAD, SUITE 1-A
NORTHFIELD, NEW JERSEY 08225
http://www.gmslaw.com
TAX ID #22-1980737
--------
(609) 646-0222
FAX (609) 646-0887

April 27, 2011

**ATLANTIC CITY OFFICE**
1030 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401
(609) 344-7131
FAX
(609) 347-6024

**RIO GRANDE OFFICE**
THE HERALD BUILDING
1508 ROUTE 47 SOUTH, SUITE 3
RIO GRANDE, NJ 08242
(609) 886-4333
FAX
(609) 886-9441

**GALLOWAY OFFICE**
RISLEY SQUARE, SUITE 203
319 E. JIMMIE LEEDS ROAD
GALLOWAY, NJ 08205
(609) 404-0661
FAX
(609) 404-1886

P L E A S E   R E P L Y   T O
**NORTHFIELD**

Honorable Judith H. Wizmur, U.S.B.J.
United States Bankruptcy Court, Dist. of New Jersey
Federal Bldg. & US Courthouse
401 Market Street, P. O. Box 2067
Camden, NJ  08101-2067

RE:    Adamar of NJ in Liquidation, LLC, Debtors
          Chapter 11, Case No. 09-20711 (JHW)
          Our File No. 59186(1)

Dear Judge Wizmur:

Please accept this letter brief in lieu of a more formal brief in support of the motion by John Crabtree (hereinafter "Crabtree") seeking an Order granting Crabtree relief from the automatic stay to institute and prosecute to conclusion  a lawsuit in state court to litigate his claims against the Debtors, so that Crabtree may proceed against the Debtors' insurance.

The instant motion emanates from Crabtree's slip and fall in "the Quarter" at the Tropicana on May 9, 2009. (See Crabtree's Statement of Counsel at paragraph 2). As a result of the fall, Mr. Crabtree had surgery on his left shoulder. Id.  It is the position of Mr. Crabtree that the Tropicana is liable for the injuries he sustained.

Furthermore, as the Debtors filed for bankruptcy under Chapter 11 of the Bankruptcy Code

back on April 29, 2009, (see <u>In re Adamar of NJ in Liquidation, LLC</u>, Case No. 09-20711 (JHW),

Docket Item 1). On or about June, 2009, a Proof of Claim was filed on behalf of Mr. Crabtree in the

estimated amount of $200,000. (See **Exhibit "A"** attached to Crabtree's Statement of Counsel for

Proof of Claim).

Upon information and belief, there is an insurance policy that would have provided liability

coverage during the time period including Crabtree's loss, which may contain a self-insured

retention. However, the Debtors have failed to provide a copy of the insurance policy that was effect

at the time of Crabtree's lost, despite requests of Crabtree's counsel (See Crabtree's Statement of

Counsel at paragraph 4-6).

Therefore, in light of the foregoing, and for the reasons that follow Crabtree now moves for

relief from the automatic stay. To these ends, it respectfully is submitted that there is "cause" to

grant Crabtree relief from the automatic stay.

11 <u>U.S.C.A.</u> § 362(d) provides, in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant
relief from the stay provided under subsection (a) of this section, such as by
terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of
such party in interest[.]

"Initially, on a motion to lift or modify the automatic stay, the burden of proof is a shifting

one. That is, section 362(d)(1) requires an initial showing of "cause" by the movant, while section

362(g) places the burden of proof on the debtor for all issues other than "the debtor's equity in

property."" <u>In re Telegroup, Inc.</u>, 237 <u>B.R.</u> 87, 91 (Bankr. D.N.J. 1999).

Courts must determine whether "cause" exists to lift stay based on totality of circumstances

in each particular case. <u>In re Mid-Atlantic Handling Systems, LLC</u>, 304 <u>B.R.</u> 111, 130 (Bankr. D.N.J.

2003); <u>In re Wilson</u>, 116 <u>F.3d</u> 87, 90 (3d Cir. 1997). To these ends, although lack of adequate

protection is the most common basis for granting relief from the automatic stay for "cause," other

bases exist for finding "cause" as well. In re Mid-Atlantic, *supra*, 304 B.R. at 130; In re Telegroup,

Inc., supra, 237 B.R. at 91.   In fact, "The term 'cause' is viewed by many courts as a 'broad and

flexible concept.'" In re Mid-Atlantic, *supra*, 304 B.R. at 130 (citing In re The Score Bd., Inc., 238

B.R. 585, 593 (D.N.J. 1999)).

> Furthermore,
>
> In determining whether to grant relief from the automatic stay so as to permit a party in interest to continue prosecuting a matter in another forum, courts will often rely upon the following factors: 1) **whether relief would result in a partial or complete resolution of the issues**; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) **whether litigation in another forum would prejudice the interests of other creditors**; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) **the interests of judicial economy and the expeditious and economical resolution of litigation**; 11) whether the parties are ready for trial in the other proceeding; and 12) **impact of the stay on the parties and the balance of the harms**. In re Mid-Atlantic, *supra*, 304 B.R. at 130. [Emphasis added.][1]

Furthermore, a court does not have to rely on all of these factors as the In re Mid-Atlantic only relied

upon three factors. Id.

In this matter, "the most relevant factors are one, seven, and ten", to use the words of the In re

Midlantic court, along with factor twelve.  For the reasons more fully set forth below, "On balance,

these factors point towards the granting of [Crabtree's] motion for relief from the automatic stay".

Id.

As to factor one, "Permitting the state court litigation to proceed will result in a complete

---

1 It is noted in In re Telegroup, Inc., 237 B.R. 87, 91 (Bankr. D.N.J. 1999) the court cites to a "benefit/detriment analysis" to determine "whether or not to allow non-bankruptcy litigation to continue in another forum" as follows:
> whether (a) any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit, (b) the hardship to the [movant] by maintenance of the stay considerably outweighs the hardship to the [non-moving party], and (c) the [movant] has a probability or prevailing on the merits.

It respectfully is submitted that this basically is factor twelve of the factors cited in In re Mid-Atlantic.

resolution of the issue of [the Debtor's] . . .  liability to [Crabtree]. Id.

As to factor seven, "permitting the state court action to proceed would not prejudice [the debtor]'s creditors since resolution of the issues before the state court must be addressed and damages, if any, fixed so that the extent of [the] creditors' claims are known." Id. at 130-131.

As to factor ten, it respectfully is submitted that it would be in the interest of judicial economy to permit Crabtree to pursue his claim in state court. Rather than Crabtree's claims being left unresolved as a result of the stay, permitting Crabtree to proceed against the Debtor's available insurance will result in a timely and efficient resolution of his claims.

As to factor twelve and/or the In re Telegroup factors, it is anticipated that the Debtor will argue it/the bankruptcy estate would be harmed by allegedly sustaining expenses because of the self-insured retention. However, this anticipated prejudice argument fails.

Firstly, a discharge in bankruptcy does not alter the right of a creditor to collect debt from third parties, such as liability insurers. 11 U.S.C. 524(e), First Fidelity Bank v. McAteer, 985 F.2d 114, 116 (3d Cir. 1993); Terwilliger v. Terwilliger, 206 F.3d 240, 247-248 (2d Cir. 2000).

Secondly, tort claimants may move for relief from the stay during the course of bankruptcy proceedings. See, e.g., Green v. Welsh, 956 F.2d 30, 34 (2d Cir. 1992); In re Honosky, 6 B.R. 667, 669 (Bankr. W.Va. 1980)(**Plaintiff, who sought to recover for injuries allegedly sustained when debtor's coal truck struck her automobile, was entitled to lifting of automatic stay**, where the debtor produced no showing that the continuation of the civil suit would result in great prejudice to either the bankruptcy estate or to himself.) [Emphasis added.]

Here, the Debtors cannot show "great prejudice" and/or the balance of the harm weighs toward Crabtree his requested relief.  Crabtree seeks relief from the stay so that it may go against the Debtors' insurance.  Furthermore, the Debtors' reorganization/liquidation will be aided by liquidating Mr. Crabtree's claims and the extent of liability on the same. Therefore, while it is the Debtors' burden to show "great prejudice", neither the Debtors nor the estate will suffer "great

prejudice" in the court granting Crabtree relief from the stay.

Furthermore, it is Crabtree who would be prejudiced if his requested relief is not granted. If Crabtree is not granted relief, his claims will remain pending and uncertain for an unknown period of time. Crabtree will also be further delayed in proceeding against and/or collecting against the insurance company, as is a creditor's/claimant's right under 11 U.S.C. § 524(e).

According, based upon the foregoing, it respectfully is requested that the court Order enter an granting by Crabtree relief from the automatic stay relief to institute or prosecute  a lawsuit to conclusion in state court to pursue his claims against the Debtors.

Respectfully yours,

/s/ Francis J. Ballak

FRANCIS J. BALLAK

FJB/RA
cc:    See attached list

## SERVICE LIST

Adamar of NJ in Liquidation, LLC f/k/a
Adamar of New Jersey, Inc. and Manchester Mall, Inc.
ATTN: Mark Giannantonio
Brighton Avenue and Boardwalk
Atlantic City, NJ 08401
Debtor

Gerald H. Gline, Esquire
Cole, Schotz, Meisel, Forman & Leonard
25 Main Street
Hackensack, NJ 07601
Atty for Debtor

Ilana Volkov, Esquire
Cole, Schotz, Meisel, Forman & Leonard
25 Main St.
Hackensack, NJ 07601
Atty for Debtor

Michael D. Sirota, Esquire
Cole, Schotz, Meisel, Forman & Leonard
25 Main St.
Hackensack, NJ 07601
Atty for Debtor

Ryan T. Jareck, Esquire
Cole, Schotz, Meisel, Forman & Leonard
25 Main Street
Court Plaza North
Hackensack, NJ 07601
Atty for Debtor

Jeffrey M. Sponder, Esquire
Office of U.S. Trustee
One Newark Center
Newark, NJ 07102

Michael J. Viscount, Jr., Esq
Fox Rothschild LLP
1301 Atlantic Ave
Atlantic City, NJ 08401